UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JUAN GALICIA, individually and on behalf of all
other persons similarly situated,

                             Plaintiff,

       -against-

T&H VILLAGE FOOD CORP d/b/a
VILLAGE DINER, HARRY PARASHOS, and
THEOFILOS PARASHOS, jointly and severally,

                         Defendants.

-------------------------------------------------------------------X

**ORDER**

**12-CV-3150 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201 et seq., individually and on behalf of all other persons similarly situated,

alleging violations of overtime and minimum wage laws. (Dkt. 1.) Defendants answered and

denied the allegations. (Dkt. 9.) Shortly thereafter the parties informed the court that they had

reached a settlement (Sept. 27, 2012, Ltr. (Dkt. 11)) and moved the court to approve the

settlement (Joint Mot. to Approve Settlement (Dkt. 13)). The court concluded that the attorneys'

fees provided for by the settlement agreement were unreasonable, and thus denied the parties'

motion for approval of the settlement. (Order Denying Mot. (Dkt. 14).) The parties have now

submitted a second settlement agreement in accordance with the court's Order. (Nov. 19, 2012,

Ltr. re Proposed Settlement (Dkt. 15).) For the following reasons, the court concludes that terms

of the settlement are fair and reasonable, and the parties' second settlement agreement is

APPROVED.

      The FLSA "places 'strict limits on an employee's ability to waive claims for fear that

employers [will] coerce employees into settlement and waiver.'" Mosquera v. Masada Auto

Sales, Ltd., No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting

Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86 (JS), 2008 WL 724155, at *1

(E.D.N.Y. Mar. 13, 2008)).  Before the parties may settle a case brought under the FLSA, the

settlement must be judicially approved.  Id.; Boucaud v. City of N.Y., No. 07-CV-11098 (RJS),

2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).  The court must "scrutinize the settlement

for fairness."  Boucaud, 2010 WL 4813784, at *1 (quoting Lynn's Food Stores, Inc. v. United

States, 679 F.2d 1350, 1353-54 (11th Cir. 1982)).  A court scrutinizing a settlement must

consider "whether the agreement reflects a reasonable compromise of disputed issues rather than

a mere waiver of statutory rights brought about by an employer's overreaching," meaning that

the court must be presented with sufficient evidence to determine "whether the settlement

agreement represents a fair and reasonable resolution of the disputes."  Mosquera, 2011 WL

282327, at *1; see also Khait v. Whirlpool Corp., No. 06-CV-6381 (ALC), 2010 WL 2025106, at

*7 (E.D.N.Y. Jan. 20, 2010) (citing Lynn's Food Stores, 679 F.2d at 1353-54).

　　　When reviewing an FLSA settlement, the court typically examines the following factors:

(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings

and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of

establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the

range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the

range of reasonableness of the settlement fund in light of all the risks of litigation.  Misiewicz v.

D'Onofrio Gen. Contractors Corp., No. 08-CV-4377 (KAM), 2010 WL 2545439, at *4

(E.D.N.Y. May 17, 2010) (citing Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 54

(E.D.N.Y. 2010)).  The court should also consider whether the settlement is the result of an

arm's-length negotiation conducted in good faith by counsel with significant experience litigating wage and hour suits. D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

Here, the court finds that the factors indicate that the settlement is a fair and reasonable resolution of the claim. This settlement came early in the proceedings, before the initial conference with a magistrate judge to schedule discovery. Under the terms of the agreement, Plaintiff recovers a high proportion of his calculated lost wages without the risk of discovery or motion practice; Plaintiff's calculation of unpaid overtime and minimum wages is approximately $16,000 (Joint Mot. to Approve Settlement), and he will recover $11,450 (Ex. A to Ltr. re Proposed Settlement at 1).

The settlement was the result of an arm's-length negotiation between the parties, and has been submitted jointly for the court's approval. (See Nov. 19, 2012, Ltr. re Proposed Settlement; Joint Mot. to Approve Settlement.) All parties have counsel experienced in employment law. (Joint Mot. to Approve Settlement.) Further, the settlement contains a reasonable allotment of attorneys' fees, based on a rate of approximately $500 per hour for six attorneys' hours.[1] See Barfield v. N. Y. City Health and Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008).

Although the settlement agreement is labeled "confidential," the parties have not moved the court to seal the settlement agreement. Accordingly, the settlement agreement is of public record and there is no concern that the public will be denied access to the terms of the agreement. See Mosquera, 2011 WL 282327, at *1 (discussing the need for public access to FLSA settlements).

---

[1] The court notes that $500 per hour is within the range that has been awarded in this district but is still higher than that typically awarded. (See Order Denying Mot. at 2.)

3

For the reasons discussed above, the court concludes that the second settlement agreement is fair and reasonable.  Thus, the  settlement is APPROVED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      December 17, 2012

NICHOLAS G. GARAUFIS
United States District Judge

4